# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE INDIGO ROAD HOSPITALITY GROUP, LLC | |
| Plaintiff, | Civil Action No. ___:10-Cv-_____ |
| v. | Complaint |
| LUAN OF KOSOVA, LLC and | |
| 3 OAK TAKEAWAY, LLC | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

The Indigo Road Hospitality Group, LLC (hereinafter "Indigo Road"), by and through counsel, Design IP, P.C., alleges the following:

## PARTIES

1. Plaintiff, The Indigo Road Hospitality Group, LLC (hereinafter referred to as "Indigo Road" or "Plaintiff"), is a South Carolina limited liability company with its principal place of business at 90 Alexander Street, Charleston, South Carolina 29403.

2. Upon information and belief, Defendant Luan of Kosova, LLC (hereinafter referred to as "Luan") is a Commonwealth of Pennsylvania limited liability company with its principal place of business at 243 Northampton Street, Easton, Pennsylvania 18042.

3. 3 Oak Takeaway, LLC (hereinafter referred to as "3 Oak") is a Commonwealth of Pennsylvania limited liability company with its principal place of business at 127 North Fourth

1

Street, Easton, Pennsylvania 18042. 3 Oak and Luan are collectively referred to herein as "Defendants".

4. On information and belief, Luan or 3 Oak does business under the name Gusto Restaurant and Hospitality Group.

## JURISDICTION AND VENUE

5. This action arises under the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1338(a) (an Act of Congress relating to patents or trademarks), as well as under pendant jurisdiction of state law claims.

6. This Court has specific and general personal jurisdiction over the Defendants because, *inter alia*, both Defendants conduct business, and have committed tortious acts, in the Eastern District of Pennsylvania.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because the Defendants reside in the District and because Defendants' unlawful conduct occurred within the District.

## NATURE OF THE CASE

8. This is an action for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114 and 1125 (a), false designation of origin and false advertising under 15 U.S.C. § 1125(a), common law trademark infringement, common law palming off, and unfair competition under the common laws of the Commonwealth of Pennsylvania.

9. Plaintiff seeks injunctive and monetary relief against Defendants to retain control over the substantial goodwill associated with its trademark, which is being unlawfully exploited by Defendants, and to avoid irretrievably lost sales.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. On June 3, 2014, Indigo Road was incorporated as a limited liability company with the South Carolina Secretary of State. A copy of the company's listing with the South Carolina Secretary of State's Office is attached hereto as Exhibit "A1".

11. Indigo Road has remained a registered limited liability company, in good standing, with the South Carolina Secretary of State's office since its date of incorporation.

12. Indigo Road is a restaurant and hospitality group that operates throughout the Eastern United States.

13. Indigo Road is the owner of US trademark Registration No. 5,072,443 ("the '443 Registration") for OAK STEAKHOUSE for use with restaurant services. The '443 Registration issued on November 1, 2016 claims dates of first use and first use in commerce of January 17, 2005. A copy of the registration certificate is attached as Exhibit "A2".

14. The OAK STEAKHOUSE mark has been in continuous use for restaurant services by Indigo Road, its subsidiaries, and predecessors in interest since at least January 17, 2005.

15. Indigo Road maintains a website, http://theindigoroad.com/, to promote its services using the OAK STEAKHOUSE mark. A screenshot of the website is attached as Exhibit "B1".

16. Oak Charleston, LLC, a subsidiary of Indigo Road, is the majority owner and operator of an OAK STEAKHOUSE restaurant at 17 Broad Street, Charleston, South Carolina, 29403. The restaurant opened on January 17, 2005 and advertises its services, *inter alia*, using Instagram: @oaksteakhouse and a website: http://www.oaksteakhousecharleston.com/. A screenshot of the website is attached as Exhibit "B2".

17. Oak Atlanta, LLC, a subsidiary of Indigo Road, owns and operates an OAK STEAKHOUSE restaurant at 950 Third Street, Alpharetta, Georgia, 30009. The restaurant opened

3

on October 30, 2014 and advertises its services, *inter alia,* using Instagram: @oakatlanta and a website: https://www.oaksteakhouseatlanta.com/. A screenshot of the website is attached as Exhibit "B3".

18. Oak Charlotte, LLC, a subsidiary of Indigo Road, owns and operates an OAK STEAKHOUSE restaurant at 4777 Sharon Road Suite 125, Charlotte, North Carolina, 28210. The restaurant opened on May 11, 2017 and advertises its services, *inter alia,* using Instagram: @oakcharlotte and a website: http://oaksteakhousecharlotte.com/. A screenshot of the website is attached as Exhibit "B4".

19. Indigo Road operates an OAK STEAKHOUSE restaurant at 810 Clark Place, Nashville, Tennessee, 37203. The restaurant opened on June 16, 2017 and advertises its services, *inter alia,* using Instagram: @oaksteaknash and a website: https://oaksteakhousenashville.com/. A screenshot of the website is attached as Exhibit "B5".

20. Indigo Road operates an OAK STEAKHOUSE restaurant at 417 West Hargett Street, Raleigh, North Carolina 27603. The restaurant opened on February 8, 2019 and advertises its services, *inter alia,* using Instagram: @oakraleigh and a website: http://oakraleigh.com/. A screenshot of the website is attached as Exhibit "B6".

21. Indigo Road is developing an OAK STEAKHOUSE restaurant to be located at 901 North Saint Asaph Street, Alexandria, Virginia 22314. The restaurant is anticipated to open in July 2019 and is advertised, *inter alia,* on the website https://oakalexandria.com/ .

22. Indigo Road's restaurant websites are also accessible on Facebook and through a cohesive website that links all of the individual restaurant pages at www.oaksteakhouserestaurant.com.

23. Indigo Road, by virtue of the restaurant services offered as OAK STEAKHOUSE, is recognized throughout the United States as a single-source provider of high-quality dining services.

24. Customers of OAK STEAKHOUSE restaurants come from all areas of the United States.

25. Customers often refer to the OAK STEAKHOUSE restaurants as simply "OAK".

26. OAK STEAKHOUSE is a distinctive mark that provides customers, potential customers, governmental authorities, and suppliers with notice that they are dealing with a reputable and established company in the restaurant services industry.

27. The strong connection between the mark OAK STEAKHOUSE and the restaurant services provided by Indigo Road have been strengthened by more than fourteen years of extensive use, promotion, and advertising.

28. Indigo Road has expended considerable sums of money advancing, promoting, and advertising the OAK STEAKHOUSE mark and the high-quality restaurant service provided thereunder. As a result of such promotion and commitment to high quality dining services, Indigo Road has established goodwill in the OAK STEAKHOUSE mark throughout the United States.

29. On information and belief, in or about July 2017, a restaurant trading under the name "Oak Steakhouse" began operating at 323 Northampton Street, Easton, Pennsylvania (the Easton Restaurant).

30. On information and belief, the Easton Restaurant advertises through Instagram: @oaksteak and a website https://www.oak-steakhouse.com . A copy of the restaurant's website is attached as Exhibit "C".

31. The Easton Restaurant has no legal right, license or other permission from Indigo Road to use the OAK STEAKHOUSE mark.

32. Luan is identified as the owner of the Easton Restaurant on the liquor license issued for the Easton Restaurant by the Pennsylvania Liquor Control Board. A screenshot of an abstract for the license from the Liquor Control Board's website is attached as Exhibit "D".

33. 3 Oaks is identified as the licensee for the liquor license issued for the Easton Restaurant by the Pennsylvania Liquor Control Board.

34. On information and belief, the Easton Restaurant is owned by Luan.

35. On information and belief, Luan participates in the operation, marketing and promotion of the Easton Restaurant and the OAK STEAKHOUSE mark in connection with the Easton Restaurant.

36. On information and belief, 3 Oaks participates in the operation, marketing and promotion of the Easton Restaurant and the OAK STEAKHOUSE mark in connection with the Easton Restaurant.

37. On information and belief, there is a substantial overlap in ownership and control of Luan and 3 Oaks and both entities cooperate in the operation, marketing and promotion of the Easton Restaurant and the OAK STEAKHOUSE mark in connection with the Easton Restaurant.

38. Beginning in June 2018, Indigo Road began receiving reports of actual confusion between the Easton Restaurant and the Indigo Road chain of OAK STEAKHOUSE restaurants.

39. In June 2018, the manager of the OAK STEAKHOUSE restaurant in Charlotte reported to Indigo Road that a customer mistakenly presented a gift card for payment that was purchased from the Easton Restaurant.

40. On December 14, 2018, the manager of the OAK STEAKHOUSE restaurant in Nashville reported to Indigo Road that a person mistakenly presented an application for employment from the Easton Restaurant.

41. On March 20, 2019, the manager of the OAK STEAKHOUSE restaurant in Nashville reported to Indigo Road that a customer arrived for a reservation with a party of thirteen, for which the Nashville restaurant had no record. It was determined that this customer mistakenly booked his reservation with the Easton Restaurant.

42. On March 29, 2019, the manager of the OAK STEAKHOUSE restaurant in Nashville reported to Indigo Road that an applicant for employment mistakenly presented an application form from the Easton Restaurant.

43. On April 11, 2019, the manager of the OAK STEAKHOUSE restaurant in Nashville reported to Indigo Road that last-minute arrangements were made to accommodate a private event that a customer had mistakenly booked with the Easton Restaurant.

44. On April 14, 2019, the manager of the OAK STEAKHOUSE restaurant in Raleigh reported to Indigo Road that a last-minute cancellation was received for a party of five who intended to make their reservation at the Easton Restaurant.

45. On information and belief, the Easton Restaurant is the source of the customer confusion reported by the managers of Indigo Road's Charlotte, Nashville and Raleigh establishments between June 2018 and April 2019, as described above.

46. The exterior appearance of the Easton Restaurant is very similar to that of the Plaintiff's OAK STEAKHOUSE restaurant in Charleston, SC, which further increases the likelihood of consumer confusion.

47. The content, look, and feel of social media content associated with the Easton Restaurant is very similar to that of Plaintiff's OAK STEAKHOUSE restaurants, which further increases the likelihood of consumer confusion.

48. Concerned about the actual and expected confusion caused by the Defendants entering the marketplace and competing as "Oak Steakhouse," Indigo Road placed Defendants on notice that it was infringing on Indigo Road's trademark rights in a letter dated April 2, 2019 (attached hereto as Exhibit "E").

49. As of the date of this complaint, no responsive communication has been received from Defendants.

50. Defendants continue to use the name "Oak Steakhouse" to provide restaurant services, and to advertise the same on its website, and have refused to cease and desist infringing on INDIGO ROAD's exclusive right to identify itself as OAK STEAKHOUSE in the national restaurant marketplace.

51. All Counts brought in this complaint are asserted against both Defendants.

**COUNT I**
**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK UNDER §32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

52. Plaintiff re-allege and incorporate herein the averments of paragraphs above as if fully set forth herein.

53. The elements of Trademark infringement under 15 U.S.C. § 1114(1) are satisfied here in that the:

    a. Plaintiff is the legal owner of the mark;

    b. Plaintiff's mark is valid and legally entitled to protection;

  c. Defendants' use of the mark is likely to confuse consumers about the origin of the services; and

  d. Defendants caused the services to enter interstate commerce without Plaintiff's consent.

54. Plaintiff is the legal owner of the '443 registration for OAK STEAKHOUSE used in conjunction with restaurant services as evidenced by the registration certificate attached as Exhibit "B2".

55. Plaintiff's mark is valid and legally entitled to protection because the OAK STEAKHOUSE mark has been in continuous use for providing restaurant services since at least the date of first use printed on the registration certificate, January 17, 2005.

56. Plaintiff commenced used of the OAK STEAKHOUSE mark prior to the date upon which Defendants began offering restaurant services under the OAK STEAKHOUSE mark.

57. Plaintiff filed the application that matured into the '433 Registration prior to the date upon which Defendants began offering restaurant services under the OAK STEAKHOUSE mark.

58. Defendants' use of the OAK STEAKHOUSE mark is likely to confuse consumers about the origin of the services.

59. At least six known instances of actual confusion have already been documented in the period beginning in June 2018 and ending in April 2018, as averred above.

60. Defendants' use of the OAK STEAKHOUSE mark is likely to confuse consumers about the origin of the services because it is using a mark that is identical to Plaintiff's registered mark to provide identical services using the same channels of trade.

61. Defendants caused the infringing use of the OAK STEAKHOUSE mark in interstate commerce, at least, through its promotion of the services on Instagram and via their websites, which reach consumers throughout the United States.

62. Plaintiff has not given any consent, permission, or license to allow Defendants' use of the OAK STEAKHOUSE mark.

63. With knowledge of Indigo Road's rights in the OAK STEAKHOUSE mark, Defendants have chosen to continue their unauthorized use of the OAK STEAKHOUSE mark in interstate commerce.

64. Defendants' unauthorized use of the OAK STEAKHOUSE mark has caused, and if left unchecked, will continue to cause, actual consumer confusion about the origin of restaurant services provided under the OAK STEAKHOUSE name, resulting in damage to Indigo Road's reputation, goodwill and profits.

65. By reason of Defendants' bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees and the costs of this litigation pursuant to 15 U.S.C. § 1117.

### COUNT II
### UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN BY TRADEMARK INFRINGEMENT UNDER 15 U.S.C §1125(a)(1)(A)

66. Plaintiff incorporates by reference the previous paragraphs of this complaint as if fully set forth herein.

67. The OAK STEAKHOUSE mark is owned by Plaintiff and is valid and legally enforceable in association with restaurant services in the United States. Defendants' use of OAK

STEAKHOUSE to provide the identical services in the same marketplace using the same channels of trade is creating consumer confusion regarding the origin of the services.

68. At all relevant times, through Plaintiff's exclusive and extensive use of OAK STEAKHOUSE, the mark has acquired secondary meaning because the name is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

69. Plaintiff has extensively advertised the relevant services using the OAK STEAKHOUSE mark on the internet through its own websites and through Instagram.

70. At all relevant times, Plaintiff has continuously used the mark OAK STEAKHOUSE in interstate commerce by advertising on the internet and by rendering services under the mark.

71. Plaintiff has been the owner and exclusive user of the OAK STEAKHOUSE mark for restaurant services (directly and through its subsidiaries) since at least January 17, 2005.

72. On information and belief, Defendants began using the OAK STEAKHOUSE mark no earlier than July 2017, making Plaintiff the senior user of the mark.

73. On information and belief, Defendants' unlawful use of the OAK STEAKHOUSE mark has resulted in actual consumer confusion.

74. Defendants' use of the Instagram handle @oaksteak is likely to cause confusion with Indigo Road's Instagram handles, described above, when customers are searching for the Indigo Road restaurants.

75. Defendants are committing the acts complained of above, and have continued to do so, in defiance of Plaintiff's request that they cease such acts.

76. Defendants, after due notice, have displayed a willful and wanton course of conduct toward appropriation and destruction of Plaintiff's' rights in the OAK STEAKHOUSE mark.

77. Defendants' wrongful acts and conduct as alleged herein have permitted and will continue to permit Defendants to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, customer recognition and goodwill in connection with the name OAK STEAKHOUSE.

78. Defendants' acts and conduct constitute unfair competition that has caused, and unless restrained and enjoined by this court, will continue to cause, irreparable harm, damage and injury to Plaintiff's good will, business reputation and profits.

## COUNT III
## UNFAIR COMPETITION BY FALSE ADVERTISING AND TRADEMARK INFRINGEMENT UNDER 15 U.S.C §1125(a)(1)(B)

79. Plaintiff incorporates by reference the facts and allegations in the previous paragraphs of this complaint as if fully set forth herein.

80. The Defendants' use of the service mark OAK STEAKHOUSE to promote and provide restaurant services is confusingly similar to Plaintiff's registered OAK STEAKHOUSE mark and is therefore a false and misleading statement as to the source of the services. The misleading statements constitute actual deception and a tendency to deceive a substantial portion of consumers of the relevant services. The deception is material because it is likely to influence purchasing decisions made by those consumers. The misleading advertised services travel in interstate commerce via the internet, through the Defendants' websites and social media accounts under their control. There is a likelihood of injury to the Plaintiff in terms of declining sales and loss of goodwill as a result of the false and misleading advertising.

81. Defendants' advertising of restaurant services under the name OAK STEAKHOUSE is a misleading statement because the name is identical to Plaintiff's mark and the services offered under OAK STEAKHOUSE by the Easton Restaurant are in no way connected to, endorsed by or provided by the Plaintiff.

82. Defendants' advertising of restaurant services under the name OAK STEAKHOUSE misrepresents the nature, characteristics and quality of the services because the services are in no way connected to, endorsed by or provided by Plaintiff.

83. The use of identical marks to advertise the same services in the same channels of trade will have a strong tendency to deceive a substantial portion of the intended audience because of the similarity of the marks, the similarity of the services and similar channels of trade.

84. The deception is material because internet advertising influences the purchasing decisions made by consumers restaurant services.

85. On information and belief, evidence of actual deception has arisen in the form of customers and prospective employees mistakenly believing the services offered by the Easton restaurant originate from Plaintiff.

86. The advertised services travel in interstate commerce because they are advertised on websites that are available to customers throughout the United States.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION, PALMING OFF, AND TRADEMARK INFRINGEMENT

87. Plaintiff incorporates by reference the facts and allegations stated in the previous paragraphs of this complaint as though set forth at length herein.

88. The OAK STEAKHOUSE mark is owned by Plaintiff and is valid and legally enforceable in association with restaurant services throughout the United States.

89. Defendants' use of OAK STEAKHOUSE to provide the identical services in the same marketplace using the same channels of trade is likely to create confusion regarding the origin of the services.

90. At all relevant times, through Plaintiff's exclusive and extensive use of OAK STEAKHOUSE, the mark has acquired secondary meaning because the name is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

91. Plaintiff has been the owner and exclusive user of the OAK STEAKHOUSE mark for restaurant services in the eastern United States since at least January 17, 2005.

92. On information and belief, Defendants began using the OAK STEAKHOUSE mark in Pennsylvania no earlier than July 2017.

93. Defendants' use of the name OAK STEAKHOUSE will tend to cause and, on information and belief, has actually caused, the relevant consumers in the restaurant services marketplace to erroneously believe that Defendants' services are being delivered by or associated with Plaintiff.

94. Defendants are intentionally, and with malice aforethought, causing confusion in the eastern United States marketplace as to who is providing restaurant services under the name OAK STEAKHOUSE.

95. Defendants' actions and conduct as alleged herein constitute palming off of their services as Plaintiff's services offered under Plaintiff's famous OAK STEAKHOUSE mark.

14

96. Defendants' actions and conduct have caused and are likely to continue causing consumers of Defendants' services to believe that said services are being provided by or associated with Plaintiff.

97. Such actions and conduct by Defendants constitute unfair competition and palming off under the common law of the Commonwealth of Pennsylvania.

98. Defendants' actions and conduct in adopting and using the OAK STEAKHOUSE mark in Pennsylvania constitutes trademark infringement under Pennsylvania common law.

99. Plaintiff has no adequate remedy at law and Plaintiff is being irreparably damaged by Defendants' acts in violation of Pennsylvania common law.

100. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

A. That it is decreed that Plaintiff's rights in the mark "Oak Steakhouse" for restaurant services, are valid and enforceable;

B. That a permanent injunction be issued enjoining Defendants, and/or their officers, directors, partners, agents, servants, employees, attorneys, confederates, affiliates, franchisees, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, from directly or indirectly:

   i. Using the name, term, or mark "Oak Steakhouse," "Oak," or any other similar derivation of such a mark which is likely to cause confusion in

      any manner in connection with the advertising, promotion, sale or rendering of restaurant services;

C. That Plaintiff is awarded actual damages, treble damages, an accounting for profits, attorneys' fees and the costs of this litigation.

D. That Plaintiff be awarded such further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, The Indigo Road Hospitality Group, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**DESIGN IP**

*Damon A. Neagle*
_____
Damon A. Neagle (PA ID 90738)
Design IP, P.C.
1575 Pond Road, Suite 201
Allentown, PA  18104
Telephone:  (610) 395-4900
Facsimile:  (610) 680-3312
E-mail:  damonneagle@designip.com

ATTORNEY FOR THE INDIGO ROAD HOSPITALITY GROUP, LLC.

Dated: May 7, 2019